IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 JUL 10 A 9:42
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JERRY DALE BENNETT 182152X )
Full name and prison number )
of plaintiff(s) )
 )
v. )  CIVIL ACTION NO. 2:07CV628-MEF
 )  (To be supplied by Clerk of
TROY KING; RICHARD ALLEN; KENNETH )  U.S. District Court)
JONES; CHRISTOPHER GORDY; MARCUS )
ATKINSON; RONALD CARTER; PRISON )
HEALTH SERVICES; EUGENE REESE; )
KILBY CLASSIFICATION PERSONS; )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

(ORIGINAL)

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES (✓)  NO (✓)

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES (✓)  NO (✓)

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below. (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s)  SAME AS ABOVE

            Defendant(s)  SAME AS ABOVE

        2.  Court (if federal court, name the district; if
            state court, name the county)

            MONTGOMERY COUNTY; 251 S. LAWRENCE STREET,

3. Docket number _CV-2006-2654_

4. Name of judge to whom case was assigned
   _HONORABLE CIR. CT. JUDGE EUGENE REESE._

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
   _PRAYED COURT DISMISS WITHOUT PREJUDICE_

6. Approximate date of filing lawsuit _OCTOBER 2006_

7. Approximate date of disposition _JULY 2007_

II. PLACE OF PRESENT CONFINEMENT _KILBY CORRECTIONAL FACILITY C21 PO BOX 150 MT MEIGS ALABAMA 36057_

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED _SAME AS ABOVE AND W.E.D.C.F. 100 WARRIOR LANE BESSEMER ALABAMA 35023_

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.
   NAME                                    ADDRESS

   1. * _PLEASE SEE ATTACHED PAGE_ *

   2. _____

   3. _____

   4. _____

   5. _____

   6. _____

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED _PAST, PRESENT, FUTURE (ONGOING)_

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

   GROUND ONE: _PLEASE SEE ATTACHED PAGE_

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

\* PLEASE SEE ATTACHED PAGES

GROUND TWO: " " " "

SUPPORTING FACTS: " " " "

GROUND THREE: " " " "

SUPPORTING FACTS: " " " "

\* THANK YOU.

| * DEFENDANTS * | * ADDRESS * |
|---|---|
| ① TROY KING, Attorney Gen. of Alabama | 11 S. Union Street, Montgomery Ala 36130 |
| ② RICHARD ALLEN, Comm. of Ala. Dept. of Corr. | 1400 LLYOD STREET, MONTGOMER Ala 36107 |
| ③ KENNETH JONES, WARDEN OF W.E.D.C.F. | 100 WARRIOR LANE, BESSEMER, ALA 35023 |
| ④ CHRISTOPHER GORDY, CAPTAIN OF WEDCF | 100 WARRIOR LANE, BESSEMER, ALA 35023 |
| ⑤ MARCUS ADRINSON, SERGEANT OF W.E.D.C.F. | 100 WARRIOR LANE, BESSEMER, ALABAMA 35023 |
| ⑥ RONALD CARTER, SERGEANT OF W.E.D.C.F. | 100 WARRIOR LANE, BESSEMER, ALABAMA 35023 |
| ⑦ PRISON HEALTH SERVICES AT W.E.D.C.F. | 100 WARRIOR LANE, BESSEMER, ALABAMA 35023 |
| ⑧ EUGENE REESE, Cir. Ct Judge of Mont. Cty., | 251 S LAWRENCE STREET, MONTGOMERY ALA 36102 |
| ⑨ CLASSIFICATION SUPERVISORS OF KILBY CORRECTIONAL FACILITY | PO BOX 150, Mt. Meigs, ALABAMA 36057 |

## * GROUND ONE *

✦ ABOVE STATED DEFENDANTS HAVE BEEN NOTIFIED BY CIVIL LITIGATION IN STATE COURT THAT PLAINTIFF OF THIS CAUSE, JERRY DALE BENNETT, IS SUFFERING GROSS AMOUNTS OF PAIN COMPELLING CRUEL AND UNUSUAL PUNISHMENT AND DEFENDANTS REFUSE TO ALLIEVI-ATE OR CURE PAIN.

BRIEF FACTS TO SUPPORT CLAIM #1 (ground one):

In August 2006 Plaintiff was attacked by



NEXT →
p. 1 of

— 3 (three) inmates and 2 (two) correctional officers at W.E.D.C.F. (A.D.O.C. prison). Plaintiff has sufferred a great deal due to injuries that were sustained during the assault. All the above stated Defendants have been properly notified and aid to the Plaintiff has been flatly refused. Plaintiff had spinal surgery in 2003 and titanium rods and screws were placed around spine in a "cage" position to realign spinal column. Nothing could be done to correct nerve damage. Plaintiffs disability has been worsened by the above stated attack and pain that ~~the~~ Plaintiff sufferred has been intensified ten fold. Plaintiff worries that use of both legs is in jeopardy if not sent to unbias physician soon. Pain is intense and non-stop. Defendants cry absolute and qualified immunity but continue to act on Plaintiffs behalf after 7 (seven) months in an "unknowing" fashion or continue to be DELIBERATELY INDIFFERENT to Plaintiffs serious medical needs.

---

### * GROUND TWO *

* DEFENDANTS HAVE ALL BEEN NOTIFIED OF LACK OF SERCURITY THAT HAS CAUSE PLAINTIFF UNDUE PHYSICAL DISABILITY AND UNDUE PAIN AND SUFFERING. DEFENDANTS REMAIN DELIBERATELY INDIFFERENT AFTER 7 (SEVEN) MONTHS OF NOTIFICATION →

(2)

NEXT →
p. 2 of

GROUND TWO FACTS:

ALL ABOVE NAMED DEFENDANTS WERE PLACED ON NOTICE THAT MULTIPLE ASSAILANT ASSAULTS ARE GOING UN-PUNISHED PER §14-11-11, Code of Alabama 1975, Plaintiff has been victim of 4 (four) such assaults over past 11 (eleven) years at W.E.D.C.F. (A.D.O.C. prison) and NEVER are the assailants punished according to LAW. On August 2006 Plaintiff, for the 4th (fourth) time was severely injured by multiple assailant assault, and because this goes unpunished the chance that it will happen again is tremendous as it is a common occurrance at PRISONS in Alabama that GANG members fight in packs. §14-11-11, Code of Alabama 1975, is a law put into effect FOR ALABAMA PRISONS and the AUTHORITIES REFUSE TO HONOR LEGISLATIVE INTENT SUBJECTING PLAINTIFF, AND ALL OTHER INMATES, TO MULTIPLE ASSAILANT ASSAULTS AT THE WHIM OF ANY GANG MEMBER, OR TRIO OF ASSAULTERS, WITHOUT FEAR OF PUNISHMENT. DEFENDANTS NAMED ABOVE SHOULD BE HELD TO ANSWER FOR "CONSPIRACY" TO ATTEMPTED MURDER AS THEY REFUSE TO ORDER MULTIPLE ASSAILANTS PUNISHED AS PER LAW. NOR HAS THE DEFENDANTS ORDERED THAT THE

"IGNORING" of multiple assailants assaults be stopped and violators punished. The assailants of Plaintiffs attack of August 2006 go unpunished; the multiple assailant assaults at Kilby go unpunished — Kilby Classification just released from Ad. Min. Seg (24 hour lock-down) a inmate "T. Love," F-2 (cell), that was a ~~multiple~~ member of a multiple assailant assault. in June of 2006.

## * GROUND THREE *

All Defendants have been notified that ~~he~~ Plaintiff has been placed in Ad Min Seg (24-hour lock down) for <u>NO REASON</u> and refuse to release Plaintiff to GENERAL POPULATION. NINE MONTHS HAVE PASSED.

FACTS: On September 2006 Plaintiff was told to pack belongings and wait in observation cell at W.E.D.C.F. After 12 (twelve) hours Plaintiff was placed in Ad Min Seg by Christopher Gordy for "INVESTIGATION" after 10 (ten) days of "investigation" approved by Warden Kenneth Jones, Plaintiff was made

(4)

NEXT→
pc 4 of 8

FACTS: GROUND THREE

to sit punitive segregation for 10 (ten) days on a "dirty urine" disciplinary after punitive segregation time was finished approximately OCTOBER 20, 2006, the Plaintiff was held pending "transfer". On February 14, 2007, approximately 5 (five) months later Plaintiff was transferred to a "reception" or "diagnostic" prison of which Plaintiff can not go to general population because of sentence of Life without Parole suffered 12 (twelve) years ago. On March 2, 2007, Kilby Classification notified Plaintiff that "the paper work had been done" and Plaintiff was "...waiting" for transfer to a prison. It has been 4 (four) months since that day. Plaintiff feels a conspiracy has developed to hold Plaintiff in <u>MAXIMUM</u> sercurity conditions, 24 (twenty four) hour keep lock → THE EXACT SAME ADMINISTRATIVE SEGREGATION MEANT TO IMPOSE SANCTIONS AGAINST PRISONERS THAT VIOLATE RULES AND REGULATIONS OF A.D.O.C. PLAINTIFF HAS BEEN IN LOCKDOWN CONDITION FOR NINE MONTHS.

Plaintiff suffers great amounts of pain in back, legs, and feet. Plaintiff is handcuffed behind back and shackled (fettered) at ankles every time Plaintiff leaves cell. Plaintiffs left leg buckles when exerted. Plaintiff has pronounced limp. Plaintiff



p. 5 of NEXT

suffers physical pain and embarrassment attempting to walk and/or exercise with ~~restrait~~ restraints on his, plaintiffs, body. Blisters developed around ankles. Body pain was even more severe after exercise. Plaintiff is restricted to 6 foot by 8 foot by 8 foot cell. The lack of movement is stiffening Plaintiffs joints, muscles, and Plaintiffs spine aches with pain. Plaintiff must walk or move about on concrete floors in flat shoes no arch support, no back supports, no where to rest. Plaintiff has gained weight due to inactivity this results in more mass to pull about increasing pain and discomfort. Plaintiff feels disability sufferred by Plaintiff is worsening due directly to the conditions of <u>MAXIMUM</u> sercurity confinement.

### * STATEMENT OF CLAIMS *

On August 29, 2006, PLAINTIFF JERRY DALE BENNETT, WAS ATTACKED BY THREE INMATES AND TWO CORRECTIONAL OFFICERS IN THE INSTITUTIONAL LAW LIBRARY WHICH SITS BETWEEN 2 (two) CORRECTIONAL OFFICER STATIONS, I.C.S. office and shift office, while attack occurred, Segregation Commander Jimmy Richburg witnessed entire episode.

All three of the inmates were placed in "HOUSE ARREST" after the attack on Plaintiff. Plaintiff was

(6)

NEXT →
p. 6 of

SENT TO INSTITUTIONAL INFIRMARY. INFIRMARY NURSES, P.H.S. employees, made rude and vulgar comments, made nonsensical evaluation, made Plaintiff leave infirmary telling Plaintiff a doctor visit was ordered for further diagnosis.

Over the next 30 (thirty) days Plaintiff complained to correctional staff, wrote WARDEN Kenneth Jones, and turned in at least 10 (ten) medical request slips and 1 (one) P.H.S. complaint form due to medical staff not providing medical care. For the most part Plaintiff suffered severe pain, BED RIDDEN at times, could not make walk to institutional kitchen, approximately 1/4 (quarter) mile from Plaintiffs living unit. Could not sit, stand, or lay down for any length of time without experiencing pain in back, legs, and feet. Sleep was constantly interupted by pain. Plaintiff felt as if he were being driven crazy/insane with torturous conditions.

A full 30 (thirty) days after the August 29, 2007, altercation, Plaintiff was taken out of population without incident and placed in "investigative" status for 12 days, in Ad.Min. Seg. (LOCK UP, MAX SERCURITY, PUNITIVE) MATTRESS WAS TAKEN FOR 12 hours a day between 10/10/06 and 10/20/06 for old disciplinary → fed only 2 (two) meals per day → Plaintiff was left in Segregation until February 14, 2007, when Plaintiff was transferred to Kilby Correctional Facility and placed in MAXIMUM SERCURITY FOR HAVING Life without parole

(7)

NEXT→
p. 7 of

NINE MONTHS LATER PLAINTIFF IS STILL IN MAXIMUM SERCURITY FOR NO REASON, WITHOUT JUST CAUSE, AND SEGREGATED UNDER PUNITIVE, MAXIMUM SERCURITY, STANDARDS WITHOUT DUE PROCESS.

PRISON HEALTH SERVICES REFUSES TO GIVE PLAINTIFF PAIN RELIEVERS THAT ALLIEVIATE PAIN PLAINTIFF SUFFERS, REFUSE TO RE-INSTATE PROFILES, REFUSE TO NOTIFY PLAINTIFF WHEN PRESCRIBED MEDICATION RUNS OUT OR NEEDS RENEWED, REFUSES TO ALLOW CERTIFIED PHYSICIAN TO ~~DIAGNOSIS~~ DIAGNOSIS PLAINTIFFS MEDICAL NEEDS, AND REFUSE TO OFFER ANY REHABILITATIONAL THERAPY THAT WOULD REDUCE PAIN SUFFERRED BY PLAINTIFF.

PLAINTIFF filed a civil action alleging many state torts and federal constitutional violations IN MONTGOMERY COUNTY CIRCUIT COURT, CV-06-2654, 10/12/06, The Honorable Eugene Reese presiding. The Court has refused to RULE on ANY AND ALL MOTIONS PUT IN BY THE PLAINTIFF except informa pauperis motion — Judge Reese took 3 (three) months to rule Plaintiff indigent when affadavit clearly shown Plaintiff SEVERELY POOR, (no finacial transactions in past 12 months) NOW EACH MOTION FOR DISCOVERY, INTERROGATORIES, AND ENTREATYS TO SAID COURT TO HAVE PLAINTIFF BEFORE THE COURT AND TO HAVE PLAINTIFF Physically evalu-

(8)

NEXT→
p. 8 of

ated immediately (in order to grant relief from physical pain) ALL HAVE BEEN IGNORED FOR 7 (SEVEN) MONTHS. IN MARCH 2007 Plaintiff filed MOTION TO COURT CLERK AND HONORABLE JUDGE REESE FOR DEFAULT JUDGMENT CONCERNING 3 (three) Defendants that had not answered the complaint of Plaintiff after 2 months! Judge Reese REFUSES TO GRANT ANY MOTION OF PLAINTIFF. Plaintiff moved CV-06-2654 dismissed without prejudice in June 2007 in order to move cause to another forum, as Plaintiff is suffering and has no way to obtain relief, Plaintiff is compelled to endure pain and suffering that worsens disability to irreperable level, Plaintiff is subject to the lack of sercurity that poses substantial risk of Plaintiff being attacked by multiple assailants worsening disability, causing death, and finds Plaintiff <u>AT RISK</u> of same, INSTANT.

---

\* REQUESTED RELIEF \*

Plaintiff respectfully prays this Court to ORDER :

TRO AND DECLARATORY INJUNCTION that ORDERS THE DEFENDANTS:
1. PROVIDE MEDICAL ASSESSMENT AND TREATMENT TO PLAINTIFF

(9)

p. 9 of
NEXT →

1. PROVIDE MEDICAL TREATMENT AND ASSESSMENT OF DAMAGE TO PLAINTIFFS PERSON BY QUALIFIED NEUROLOGIST/SPINAL SURGEON/OR PHYSICIAN THAT SPECIALIZES IN SPINAL DIAGNOSIS AND TREATMENT COPIES OF SAID EVALUATION TO BE PROVIDED TO COURT UNDER PENALTY OF PERJURY STANDARD. COPY PROVIDED TO ALL DEFENDANTS AND PLAINTIFF.
* Defendant should be ordered to adhere to above stated Physicians orders of treatment until jury trial.

2. ORDER THAT PLAINTIFF BE RELEASED FROM 24 (twenty-four) hour Keep lock - Ad. Min. Seg. As the inability to exercise without restraints and more ~~about~~ about during the day is adding to the physical impairments of the Plaintiff. Plaintiff suffers mental duress and physical restraint as punishment for no penological purpose or objective.

3. ORDER THAT DEFENDANTS 1, 2, 3, 4, 5, 6, 8 INVESTIGATE AND PROSECUTE ALL MULTIPLE ASSAILANT ASSAULTS PER §14-11-11, Code of Alabama 1975, for the safety of all inmates inside A.D.O.C. Specifically adding inmates that assaulted Plaintiff to be charged.

(10)

NEXT → p. 10 of

Abuse of Plaintiff by The Defendants violates Plaintiffs rights under the 5th, 8th, 14th United States Constitution and applicable State law in accordance with said Amendments. Defendants failure to take action to curb the abuse violates the Plaintiffs rights.

4. Defendants are to provide HANDICAP/DISABLED Symbols for inmates (ie, printed ink emblems on shirts and pants).

- AWARD COMPENSATORY DAMAGES TO PLAINTIFF IN THE FOLLOWING AMOUNTS:

DEFENDANTS:

#1, #2, #3, = $10,000.00 (US DOLLARS.)

#4, #5, #6 = $50,000 (US DOLLARS)

#7 = $1.00 (US DOLLARS)

#8 = ——— (US DOLLARS)

#9 = ——— (US DOLLARS)

- AWARD PUNITIVE DAMAGE AWARD TO PLAINTIFF:

(11)

NEXT →
p. 11 of

\* **PUNITIVE DAMAGES**:

**DEFENDANTS**:

#1, #2, #3 = $10,000.00 (US DOLLARS) <u>MALFEASANCE</u>. 8th Amend.

#4, #5, #6 = $300,000.00 (US DOLLARS) 8th Amend. MALICIOUS ASSAULT

#7 = $1,000,000.00 (US DOLLARS) 8th Amend. MALPRACTICE NEGLIGENCE

#8 = $25,000.00 (US DOLLARS) <u>MALFEASANCE</u>. 8th Amend.

#9 = $10,000.00 (US DOLLARS) <u>MALFEASANCE</u> 8th Amend.

\* ALL DEFENDANTS ARE DELIBERATELY INDIFFERENT (WASHINGTON v DUGGAR 860 F2d 1018 (11th Cir. 1988)) and their collective nonaction is malicious. RELIEF SOUGHT WILL SERVE PUBLIC INTEREST IN THAT IT IS IN THE PUBLICS INTEREST TO HAVE PUBLIC SERVANTS ADHERE/OBEY THE LAW, Duron v Anaya 642 F Supp 510, 522 (Llewelyn v OAKLAND COUNTY 402 F Supp 1379

- As a matter of law the continuing deprivation of constitutional rights constitutes irreparable harm and a need for TRO and injunction Elrod v Burns 427 US 347, 96 SCt 2673 (1976).
- This Court has jurisdiction over Plaintiffs claims per 42 USCS § 1331(a) and §1343 — "supplemental" jurisdiction per 28 USCS § 1367. (state law torts)

(12)

END.
p. 12 of 12

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

*\* PLEASE SEE PREVIOUS PAGES ATTACHED HERETOFORE \**

Jerry Dale Bennett 182152X
(Signature of plaintiff(s))

I ~~declare~~ CERTIFY under penalty of perjury that the foregoing is true and correct. to the best of my ability.

EXECUTED on July 2007.
(Date)

Jerry Dale Bennett
(Signature of plaintiff(s))

KCF C-21
PO Box 150
Mt Meigs, ALABAMA
36057

ACRONYMS:

① A.D.O.C. – Alabama Department of Corrections

② W.E.D.C.F. – W.E. DONALDSON CORRECTIONAL FACILITY

③ Ad. Min. Seg – Administrative Segregation (24 hour lockdown 7 days a week, 365 days a year)

KCF C-21
PO BOX 150
Mt. Meigs, ALABAMA
36057

* NEW CIVIL SUIT *
* NO CASE NUMBER *

LEGAL MAIL

* UNITED STATES DISTRICT COURT *
* MIDDLE DISTRICT *
P.O. BOX 711
MONTGOMERY, ALABAMA
36101

HASLER
01TH15504986
$1.82⁰
07/09/2007
Mailed From 36057