IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY DALE BENNETT, #182152, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-628-MEF |
| ) | [WO] |
| ) | |
| TROY KING, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Jerry Dale Bennett ["Bennett"], a state inmate, challenges actions taken against him at the William E. Donaldson Correctional Facility and the Kilby Correctional Facility.[1] Bennett also complains that the Circuit Court of Montgomery County, Alabama failed to rule on motions filed in a civil action pending before such court.

Upon review of the factual allegations presented in this complaint, the court concludes that, in the interest of justice and for the convenience of the parties, the plaintiff's claims arising from actions which occurred during his confinement in the William E. Donaldson Correctional Facility should be dismissed without prejudice so that Bennett can file a

---

[1] The majority of Bennett's claims relate to an assault which occurred at the William E. Donaldson Correctional Facility, the medical treatment provided at such facility for injuries suffered in this assault and conditions of confinement at this facility. Additionally, the majority of individuals named as defendants are employed at the William E. Donaldson Correctional Facilty.

complaint raising such claims in the appropriate federal court. The court further concludes that the plaintiff's claims against Troy King, Richard Allen and Eugene Reese and his challenge to his current custody classification are due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[2]

## I. DISCUSSION

### A. The Donaldson Claims

Bennett presents claims challenging actions and conditions which occurred during his confinement at the William E. Donaldson Correctional Facility. He names Kenneth Jones, the warden of Donaldson Correctional Facility, and Christopher Gordy, Marcus Atkinson and Ronald Carter, correctional officers employed at this facility, and Prison Health Services, the prison medical care provider, as defendants on such claims.

The William E. Donaldson Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. A review of the plaintiff's recitation of the facts indicates that the defendants personally involved in the alleged violations which occurred at the Donaldson Correctional Facility reside in the Northern District of Alabama. Moreover, the facts and circumstances underlying these claims are separate and distinct from those claims arising during Bennett's confinement at

---

[2] A prisoner allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires a federal court to dismiss a prisoner's civil action or any claim therein prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the Kilby Correctional Facility. Thus, it is clear that the claims presented in the instant complaint challenging actions which occurred and conditions that existed during Bennett's confinement in the William E. Donaldson Correctional Facility should be dismissed without prejudice to allow the plaintiff an opportunity to file a complaint raising these claims in the appropriate federal court.

### B. The Claims Against Troy King and Richard Allen

Bennett challenges his confinement in administrative segregation at the Kilby Correctional Facility and the conditions of such confinement. It is clear from a review of the complaint that neither Troy King, the Attorney General of the State of Alabama, nor Richard Allen, commissioner of the Alabama Department of Corrections, are in any way personally involved with the actions about which the plaintiff complains and have been named as defendants solely due to their supervisory positions. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). In light of the foregoing, the court concludes that the plaintiff's claims against defendants King and Allen lack an arguable basis in law and are therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. §

1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

## C. Classification

To the extent Bennett complains his classification level is improper due to correctional officials reliance on his sentence of life without parole, he is entitled to no relief. An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Because Bennett has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.  Thus, the classification decision about which Bennett complains is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

## D. The Claims Against Judge Eugene Reese

Bennett asserts that Eugene Reese, the judge presiding over his civil case before the Circuit Court of Montgomery County, Alabama, failed to rule on motions he submitted in the civil action.

1. <u>The Request for Monetary Damages</u>.  It is clear that all of the allegations made by the plaintiff against Judge Reese emanate from actions taken by this defendant in his judicial

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judge Eugene Reese are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

    2. <u>The Request for Declaratory Relief</u>. To the extent Bennett seeks declaratory and injunctive relief requiring that Judge Reese undertake a particular course of action in the civil proceeding, he is likewise entitled to no relief as a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Thus, dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, *supra*.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

    1. The plaintiff's claims arising from actions taken against him and conditions of

confinement during his incarceration at the William E. Donaldson Correctional Facility be dismissed without prejudice to the rights of the plaintiff to file a separate 42 U.S.C. § 1983 action in the United States District Court for the Northern District of Alabama.

2. Kenneth Jones, Christopher Gordy, Marcus Atkinson, Ronald Carter and Prison Health Services be dismissed as parties to this cause of action.

3. The plaintiff's claims against Troy King, Richard Allen and Eugene Reese be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

4. The plaintiff's claim challenging the conditions of confinement at the Kilby Correctional Facility be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before July 30, 2007 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of July, 2007.

                    /s/Charles S. Coody
                  CHARLES S. COODY
                  CHIEF UNITED STATES MAGISTRATE JUDGE