\* IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT MONTGOMERY ALABAMA \*

JERRY DALE BENNETT
plaintiff

CASE NUMBER:

v

TROY KING et al                 2:07 CV 628 MEF

\* MEMORANDUM IN SUPPORT OF RELIEF REQUESTED INSIDE INJUNCTIVE TEMPORARY RESTRAING ORDER ATTACHED TO \*

Comes now the plaintiff, Jerry Dale Bennett (herein after Bennett) pro se, to respectfully show unto this Honorable Court that Bennett is entitled to the benefit of relief prayed for in the attached Temporary Restraining Order (hereafter T.R.O.) for the following reasons:

1. Amendment (#8) EIGHT, UNITED STATES CONSTITUTION (U.S.C.A.), states in pertinent part: "...NOR CRUEL AND UNUSUAL PUNISHMENTS INFLICTED," and Amendment FOURTEEN (#14) states in "pertinent part: (SEC. 1) "ALL PERSONS BORN...in the United States,.. NO STATE SHALL make or enforce ANY law which SHALL abridge (cut short) the PRIVILEGES or immunities of citizens of the United States; NOR SHALL ANY STATE deprive any person of life, liberty, or property without due process of law, NOR DENY to any person within its jurisdiction the equal protection of the laws." Robinson v California 429 US 102 (1962) - 8th Amend., USCA, applies to States via the 14th Amend., USCA.

2. Alabama Constitution 1901, Art I, § 1, 6, 15, 22. Citing Due Process (1, 6) (1, 6, 22 = Equal protection) (1, 6, 15 = Protection from Cruel and unusual)

#2. Continued - punishments.

3. The United States Supreme Court (U.S. Sup. Ct.) decision in Estelle V Gamble, 429 US 97, 50 LEd 2d 251, 97 SCt 285, states in part: "The infliction of such unneccessary sufferring is inconsistent with contemporary standards of decency."

4. The U.S. Sup. Ct. decision in CF GREGG V GEORGIA 428 US 153, 49 LEd 2d 859, 96 Sup Ct 2909, states in part: "In less serious cases denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose."

5. "TREATMENT" and "CONDITIONS OF CONFINEMENT" prisoners are subjected to are scrutinized under 8th Amend, USCA, FARMER V BRENNAN 511 US 825, 128 LEd 2d 811, 114 Sup Ct 1970.

6. PENNSYLVANIA V WEST VIRGINIA 262 US 553, 67 LEd 2d 117, 43 SCt 658 Injunction § 3 - Threatened injury - "one does not have to await the consummation of threatened injury to obtain relief."

7. Per FARMER, supra, The 8th Amend. USCA, prison officials have a duty to protect prisoners from violence at the hands of other prisoners, also see HARMON V BERRY 728 F 2d 1407 (11th Cir 1984) "prisoners have a right to be protected from violence while in custody."

8. Wilson V Seiter, 501 US @ 297, 115 LEd 2d 271, 111 S Ct 2321, prison officials must be "deliberately indifferent" to inmate health or safety and only the unnecessary and wanton infliction of pain implicates the 8th Amend, USCA,

9. "Deliberate Indifference" is satisfied by something LESS than acts or omissions for the very purpose of causing harm or with knowledge that harm will result, FARMER, supra, ESTELLE, supra.

10. PRISON SENTENCES ARE PUNISHMENT, FARMER, supra.

11. MEDICAL care can not be denied due to costs Ancata V PHS, Inc. 769 F 2d 700, 704 (11th Cir 1985).

12. PRISON officials MUST provide adequate facilities and equipment for necessary medical care HARRIS V THIGPEN 941 F2d 1495 (11th Cir 1991)

13. CHRONIC AND SUBSTANTIAL PAIN indicates that a medical need is serious McGuckin V Smith 974 F2d @ 1060; "SIGNIFICANT AND UN COMFORTABLE HEALTH PROBLEM IS ACTIONABLE" MOORELAND V WHARTON 899 F2d 1168, 1170 (11th Cir 1989).

14. WASHINGTON V DUGGAR 860 F2d 1018, 1021, 8th Amend, USCA, violation occurs when Plaintiff denied treatments that eliminated pain and suffering at least temporarily.

15. RECENT TRAUMATIC INJURY has generally been sufficient to demonstrate a serious medical need BROWN V HUGHES 894 F2d 1533, 1538 n. 4 (11th Cir 1990).

16. PRISONER whose medical needs call for a physician attention MUST receive it, MANDEL V DOE 888 F2d 783, 789-90 (11th Cir 1989).

17. Estelle, supra, 8th Amend, USCA, proscribes more than physically barbarous punishments, [it] embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency against which penal measures MUST be evaluated.

18. "UNSAFE CONDITIONS" that pose an unreasonable risk of serious damage to future health is violation of 8th Amend, USCA, POWELL V LENNON 914 F2d 1459 (11th Cir 1990); HELLING V McKINNEY 113 S Ct 2475, 2481 (1993)

19. "MEDICAL CARE, PERSONAL SAFETY, EXERCISE" are BASIC human needs WILSON, supra.

20. EVEN IF prison officials do not know about the risk to a particular prisoner they can be held liable for policies or conditions that are dangerous to all prisoners (GANG ASSAULTS) Prison officials MUST not disregard "RISK" La Marca V Turner 995 F2d 1526 (11th Cir 1993), BROWN, supra, FARMER, supra, (GANG VIOLENCE NICHOLSON V CHOCTAW CTY. ALABAMA 498 F Supp 295 (S.D. Ala 1980)

21. When 3 (three) or more convicts join together to commit a crime it is a felony in the State of Alabama, § 14-11-11, Code of Ala 1975.

22. SEGREGATED CONFINEMENT "sufficient departure from ordinary incidents of prison life" to require DUE PROCESS PROTECTIONS, 8th, 14th Amend., USCA, under SANDIN, 515 US 472 (1995), Colon V Howard 215 F3d 227, 231 (2000) (305 days); subject to 8th, USCA, scrutiny Hutto V Finney 437 US 678 (1978); HEARNS V TERHUNE 413 F3d 1036 (9th 2005) held in Ad Min Seg for 9 (nine) months following attack violates the 8th, 14th Amend, USCA.

Plaintiff contends further that prison officials have a duty to take 'reasonable' steps to ensure the safety of inmates, including their safety from the violent acts of other inmates, FARMER, supra; Prison officials are 'deliberately indifferent' to serious medical needs if they fail to provide care Hill V DeKalb 40 F3d 1176 (11th Cir 1994), Carswell V Bay City 854 F2d 454 (11th Cir 1988), P.H.S. Inc is infamous for not providing proper medical care Ancata V PHS 769 F2d 700 (11th Cir 1985), and Plaintiff feels that this alone proves "EVIL MOTIVE" by an administration that allows these things (GANG VIOLENCE, IMPROPER MEDICAL AID) and compels disabled convicts to live among it all, these are reasonable excuses to grant T.R.O. LEE 390 US 334, HUDSON 468 US 517, BELL 441 US 520, 545.

NOTIFICATION has been placed before the defendants for OVER six months and they refuse to act appropriately to cure the deficiencies. The action or inactions of the defendants is malicious and sadistic for the very purpose of causing harm and a true necessity has manifested for the Federal Court to intercede on behalf of constitutionally protected peoples who

(4)

NEXT p. 4 of 6

are being subjected to GROSS violations of their rights and compelled to: live in sub-par conditions, be victims of GANG ASSAULTS, near non existant medical care, if disabled to live in the same circumstances, or be subject to one man cell, maximum sercurity with its punitive conditions, on the whim of "classification specialists" - see McCray V Bennett 467 F Supp 187 (MD DIST) ALA 1978, Adams V Mathis 458 F Supp 302 (MD 1978), prisoners MUST be free from ARBITRARY and CAPRICIOUS treatment by prison officials, 8th, 14th Amend, USCA, PUGH V LOCKE 406 F Supp 318, Collins V Sullivan 392 F Supp 621 (MD ALA 1975).

REASONS TO GRANT T.R.O.:

1. PLAINTIFF BENNETT IS IN PAIN AND BEING DENIED MEDICAL DIAGNOSIS AND TREATMENT FOR SERIOUS MEDICAL NEED.

2. PLAINTIFF BENNETT IS SUBJECT TO MULTIPLE ASSAILANT ASSAULTS AS A DIRECT RESULT OF THE DEFENDANT DELIBERATE INDIFFERENCE TO PROSECUTE GANG ASSAULTS PER ALABAMA CODE 1975 §14-11-11 that was specifically designed to curb GANG RELATED ACTIVITY IN PRISONS.

3. PLAINTIFF BENNETT CAN NOT BE VISUALLY REGARDED AS A DISABLED INMATE BY OVERZEALOUS CORRECTIONAL STAFF.

4. PLAINTIFF BENNETT IS AT THE MERCY OF THE DEFENDANTS AND HAS BEEN SUBJECTED TO OPPRESSIVE UNWARRANTED ADMINISTRATIVE SEGREGATION (24 hour lock down) FOR OVER NINE MONTHS.

PLAINTIFF BENNETT also prays this Court to GRANT BENNETT pro se lienience status per Haines V Kerner 404

519 (1972) and GRANT T.R.U. requested relief and NOT DISMISS for technicality as Plaintiff may be misinformed, misunderstand legal procedure Marshal v Monroe 615 F2d 1156, 1160, or confused about procedure Wallace v McManus 776 F2d 915, 807 F2d 309, Plaintiff should be allowed to correct or Amend as necessary.

* Plaintiffs cause deserves immediate attention.

Respectfully Submitted,
Jerry Dale Bennett pro se
JERRY DALE BENNETT 182152X
KCF-C-21 (SEG); PO BOX 150
MT MEIGS, ALABAMA 36057

* Done this the 13th day of July 2007.

I Jerry Dale Bennett certify under penalty of perjury that the above stated, to include previous pages 1-6, facts are true and correct to the best of my ability.

July 13, 2007

Jerry Dale Bennett pro se
address above.

(6)

-END
p. 6 of 6