IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

MONTGOMERY, ALABAMA

---

JERRY DALE BENNETT
plaintiff

v

TROY KING, et al

CASE NUMBER:

2:07-CV-628-MEF

HONORABLE CHIEF U.S. DIST.

MAGISTRATE JUDGE CHARLES S. COODY

---

**ENTREATY FOR PERMISSION TO ENTER INTO RECORD AN AMENDED COMPLAINT per RULE 15(a), F.R.Civ.P.**

Comes now The Plaintiff, JERRY DALE BENNETT (herein after BENNETT) pro se, to respectfully pray this Honorable Court for permission to enter an amended complaint per 15(a), F.R.Civ.P., and as ORDERED by The Honorable Cheif United States Magistrate Judge Charles S. Coody, document #6-1, 7/10/07, for the following reasons:

1. BENNETT IS ACTING PRO SE AND IS NOVICE AT FEDERAL LITIGATION AND IS CONFUSED, MISUNDERSTANDS LEGAL PROCEDURE.

2. BENNETT WILL ATTEMPT TO SPECIFY CLAIMS TO THE CHIEF MAGISTRATES, CHARLES S COODY (HONORABLE) GUIDELINES

NEXT →
p. 1 of 11

(1)

## DEFENDANTS OF THIS LITIGATION

1. TROY KING, Attorney General for The State of Alabama, being sued in his official and personal capacities by the Plaintiff because:

   A. BENNETT IS A CITIZEN OF THE UNITED STATES, ALABAMA, ALBEIT INCARSERATED IS DUE THE PROTECTIONS OF THE ATTORNEY GENERALS OFFICE.

   B. BENNETT CLAIMS TROY KING HAS VIOLATED BENNETTS RIGHT TO BE FREE OF CRUEL AND UNUSAL PUNISHMENT AND THAT TROY KING HAS ABUSED HIS OFFICIAL CAPACITY TO DO SO BY MAKING A PERSONAL DECISION TO BE DELIBERATELY INDIFFERENT TO BENNETTS SERIOUS MEDICAL NEEDS, ABUSIVE PRACTICES SUFFERRED BY BENNETT, AND BENNETTS RIGHT TO BE FREE FROM MULTIPLE ASSAILANT ASSAULTS.

   C. IN JANUARY 2007 TROY KING WAS NOTIFIED VIA A STATE CIVIL COMPLAINT NAMING HIM AS A DEFENDANT, CV-06-2654, Montgomery County Circuit Court, that BENNETT an indigent incarserated individual was being subjected to GROSS MISTREATMENT and TROY KING has refused to act to investigate abuses and did claim that he was protected from civil litigation by immunity statutes in his answer to BENNETTS complaint.

   D. After TROY KING was notified he made a personal decision to NOT cure the abuses sufferred by BENNETT by use of his official office to investigate and charge violaters of The law, failed to report abuses to proper authorities.

   E. By Troy Kings INACTION he agrees to subject BENNETT to CRUEL AND UNUSUAL PUNISHMENT in violation of The EIGHTH (8th) Amendment (Amend) of the United States Constitution (U.S.C.A.) which is directed toward the States via the FOURTEENTH (14th) Amend USCA. <u>Robinson V California</u> 429 US 102 (1962).

(4)

NEXT →
p. 4 of 11

F. BENNETT CONTENDS TROY KING IS THE ATTORNEY GENERAL OF ALABAMA AND THAT SAID POSITION DEMANDS TROY KING KNOW THE LAW THEREFORE TROY KING KNOWINGLY VIOLATES BENNETTS CONSTITUTIONAL RIGHTS AS EXPLAINED IN:

   I. <u>JORDAN v DOE</u> 38 F3d 1559 (11th Cir 1994).
   II. 42 USCS § 1983.
   III. 8th, 14th Amend, USCA.
   IV. <u>FARMER v BRENNAN</u> 511 US 825, 128 LEd 2d 811, 114 SCt 1970 (1994); <u>Estelle v Gamble</u> 429 US 97, 50 LEd 2d 251, 97 SCt 285, <u>LEE</u> 390 US 334, <u>HUDSON</u> 468 US 517, <u>BELL</u> 441 US 520, 545.
   V. Alabama Constitution 1901, Art I, § 1, 6, 15, 22.

---

<u>DEFENDANT #2.</u>

2. Mr Richard Allen, Commissioner of A.D.O.C., is being sued in his individual and official capacities because:

   A. BENNETT IS AN INMATE OF THE DEPARTMENT RICHARD ALLEN PRESIDES OVER AND WAS NOTIFIED OF THE ABUSES BENNETT SUFFERS VIA CIVIL COMPLAINT THAT NAMED RICHARD ALLEN AS A DEFENDANT, CV-06-2654, MONTGOMERY COUNTY CIRCUIT COURT, JANUARY 2007, AND BY RICHARD ALLENS INACTION TO CURE VIOLATIONS OF BENNETTS CONSTITUTIONAL RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT RICHARD ALLEN APPROVES SAID VIOLATIONS allowing BENNETT TO SUFFER FROM MEDICAL NEEDS; SUFFER MULTIPLE ASSAILANT ASSAULT; UNDUE PUNISHMENT; THREATEN INJURY; EMOTIONAL DURESS;

   B. BENNETT CONTENDS THAT RICHARD ALLEN IS THE

⑤

NEXT p. 5 of 11

B. (continued) commissioner of the A.D.O.C. and said position demands that RICHARD ALLEN know the law therefore Richard Allen knowingly violates BENNETTS constitutional rights as explained in:

   I. GREASON V KEMP 891 F2d @ 839-40 ; LaMarca V Turner 995 F2d 1526 (11th Cir 1993) ; BROWN V HUGH 894 F2d 1583 (11th)
   II. 42 USCS § 1983 ; Hope V Peltzer 536 US 730 (2002)
   III. 8th, 14th Amend. USCA.
   IV. FARMER, supra, ESTELLE, supra, LEE, supra, HUDSON, supra;
   VI. Alabama Constitution 1901, Art I, § 1, 6, 15, 22 ; Alabama Code 1975 §§ 14-1-1 thru 14-(end).

---

\* DEFENDANT #3 and #4

3. KENNETH JONES, WARDEN OF W.E. DONALDSON CORRECTIONAL FACILITY (herein after W.E.D.C.F.) AND CHRISTOPHER GORDY, SERCURITY CAPTAIN at W.E.D.C.F. are both being sued in their individual and official capacities because:

A. Both defendants have been notified by civil suit, CV 06 2654, MONTGOMERY COUNTY CIRCUIT COURT that BENNETT IS SUFFERING MALTREATMENT IN VIOLATION OF BENNETTS RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND BY THEIR INACTION HAVE ALLOWED SAID VIOLATIONS TO CONTINUE THROUGH THEIR DELIBERATE INDIFFERENCE AS THEY ARE BOTH IN POSITION TO CURE GRIEVANCES.

B. Both defendants have also received letters of complaint from BENNETT before civil suit was filed and remained indifferent.

C. Chris Gordy spoke to BENNETT personally in September of 2006 and refused to take action to cure grievances of BENNETT.

D. Both defendants niether defended against allegations by stated Plaintiff that BENNETT had misrepresented the facts only that they were immune from suit.

E. Both defendants placed BENNETT in Ad Min Seg. (September 30, 2006)

F. Both defendants refuse to contact proper authorities to have inmates that attacked BENNETT on August 29, 2006, punished with felony charge.

G. Both defendants know that medical care, multiple assailants assaults, and excessive force is applied to disabled inmates, and that medical care is inadequate; Both defendants know they abuse their office or position in order to subject BENNETT to undue hardship via Ad Min Seg.

H. Both defendants are in positions that call for them to be aware of the laws they violate and have violated in order to cause BENNETT emotional and physical pain and suffering without penological interest and these violations are causing irreporable injury to BENNETTS person. Both defendants knowingly violate rights of BENNETT as explained in:

   I. GREASON v KEMP 891 F2d @ 839-40; LAMARCA v TURNER 995 F2d 1526 (11th Cir 1993); Brown v Hugh 894 F2d 1583 (11th) Nicholson v Choctaw Cty. Ala. 498 F Supp 295 (SD Ala 1980).

   II. 42 USCS § 1983

   III. 8th, 14th Amend USCA.

   IV. FARMER, supra, ESTELLE, supra, LEE, supra, HUDSON, supra

   V. Alabama Constitution 1901, Art I, § 1, 6, 15, 22, Code of Alabama 1975 §§ 14 thru 15.

   VI. Also, Hope v PELTZER 536 US 730, 122 SCt 2508, 153 LEd 2d 666.

___

DEFENDANTS #5 and #6  – next page.

DEFENDANTS 5 and 6

4. MARCUS ATKINSON, SERGEANT OF SERCURITY AT W.E.D.C.F., and RONALD CARTER, SERGEANT OF SERCURITY at W.E.D.C.F. are both being sued in their individual and official capacities because:

   A. Both defendants were notified by civil suit, CV 06 2654, Montgomery Cty. Cir. Ct., that BENNETTS RIGHTS HAD BEEN VIOLATED BY THEIR USE OF EXCESSIVE FORCE THAT AIDED AND ABETTED INJURY TO BENNETTS PERSON ON AUGUST 29, 2006.

   B. Both defendants are aware of multiple assailant assaults at W.E.D.C.F. and do nothing to cure said abuses AND HAVE NOT NOTIFIED proper authorities to prosecute by felony charge the inmates that attacked BENNETT on August 29, 2006, and by their deliberate indifference have allowed BENNETT to be subject to maltreatment.

   C. On September 30, 2006, Ronald Carter spoke to BENNETT personally and did nothing to stop BENNETT from unjustly being placed in Ad. Min. Seg.

   D. Both defendants claim qualified immunity as a defense and neither charge BENNETT as having misrepresented the facts. Both defendants knowingly violated the rights of BENNETT as explained in:

   I. Hope v Peltzer 536 US 730, 153 LEd 2d 666 (2002); FARMER, supra; LaMarca v Turner 995 F2d 1526 (11th Cir 1993); Pace v Capobianco 283 F3d 1275 (11th Cir 2002); Bozeman v Orum 422 F3d 1265 (11th Cir 2005); Campbell v Sikes 169 F3d 1353, 1374-77 (11th Cir 1999)

   II. 42 USCS § 1983

   III. 4th, 8th, 14th Amend. USCA

   IV. Alabama Constitution 1901, Art I, § 1, 6, 15, 22 Code of Alabama 1975 §§ 14 through to 15.

(8)

NEXT →
p. 8 of 11

PRISON HEALTH SERVICES, Inc. (hereinafter P.H.S.)

5. Defendant is a corporation practicing medicine by contract with the State of Alabama to provide medical care for inmates and this Defendant is being sued in their individual and official capacity because:

   A. PHS was notified by civil complaint CV 06 2654, Montgomery Cty. Cir. Ct. that via their employee neglect and practice and procedure, that favors sercurity over medical assistance, that BENNETT is suffering severe physical and emotional pain due directly to their failure to diagnosis and treat BENNETTS serious medical needs.

   B. P.H.S. was notified by written complaint and through many medical request slips at K.C.I.F. that treatment for headaches is not curing or allievating pain sufferred by BENNETT and through their neglect and malpractice, and remaining deliberately indifferent to same, BENNETT is suffering irreparable injury.

   C. Defendant P.H.S. knowingly violates the rights of BENNETT as explained in:

      I. Alabama Constitution 1901, Art. Private Corporations, Sec. 240 "Corporations may sue and be sued like natural persons"
      II. Estelle, supra.
      III. 8th, 14th, Amend. USCA.
      IV. 42 USCS § 1983
      V. Ancata v D.H.S. Inc. 769 F2d 705 (11th Cir 1985); Harris v Thigpen 941 F2d 1495 (11th Cir 1991)

---

DEFENDANT #8

6. Defendant Eugene Reese, Honorable Circuit Court Judge for Montgomery County Alabama where BENNETT filed civil suit alleging several constitutional vio-

iations that are subjecting BENNETT to CRUEL AND UNUSAL PUNISHMENT, CV06 2654, and Judge Reese was presiding. Judge Reese is being sued by Bennett in his official and individual capacities because:

A. Judges are presumed to know the law.

B. Judge Reese accepted civil complaint via Court Clerk on or about OCTOBER 10, 2006.

C. Judge Reese refused indigent status, that is patently obvious, to/for defendant until January 2007.

D. Judge Reese knowingly abuses his official discretion in order to deny BENNETT access to courts and freedoms of rights.

E. Judge Reese refused to acknowledge or GRANT all motions put forth by the Plaintiff Bennett to include: DISCOVERY, INTERRUGATORIES, DEFAULT that was obvious, Physical Examination of Plaintiff.

F. Judge Reese knowingly violates BENNETTS RIGHTS and is causing pain and suffering of Bennett via Judge Reese's deliberate indifference as explained in:

   I. 42 USCS § 1983
   II. Alabama Constitution 1901, Art I, § 1, 6, 13, 15, 22.
   III. 1st, 8th, 14th Amend USCA.
   IV. 116 LEd 2d 947, Estelle v GAMBLE, supra, Bd of Trustees, v GARRET (2001) 531 US 356, 148 LEd 2d 866 "pattern of discrimination", L.M.S. v Angeles Corp. 621 So 2d 246 (Ala 1993) "NOTICE" is sufficient, Saucier v Katz 150 LEd 2d 272 (2001), "specific performance" is discretionary but official cannot abuse discretion, City of Tuskagee v Segrest 429 So 2d 922.

• Wherefore above stated premises considered BENNETT respectfully asks this Honorable Court to accept AMENDED COMPLAINT, 15 (a) F.R.

(10)

Civ. P. and allow BENNETT to continue civil litigation. Bennett asks this Court for same relief outlined in ORIGINAL COMPLAINT.

* PLEASE SEE AFFIDAVIT OF PLAINTIFF BENNETT INCLUDED WITH THESE MOTIONS.
* PLEASE SEE T.R.O. request and memorandum of law.
* Please see other MOTIONS ACCOMPANYING THIS AMENDMENT.

* Done this the 13th day of July 2007

Respectfully
Jerry Dale Bennett pro se
JERRY DALE BENNETT #183152X
KCF C-21 ; PO BOX 150
MT MEIGS, ALABAMA 36057

* I, Jerry Dale Bennett, certify under penalty of perjury that the above stated facts are true and correct to the best of my ability.

* July 13, 2007

Respectfully
* Jerry Dale Bennett pro se
address above

* pursuant 28 USCS §1746

(11)

· END
p. 11 of 11