IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY DALE BENNETT, #182152, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-628-MEF |
| ) | [WO] |
| ) | |
| TROY KING, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Jerry Dale Bennett ["Bennett"], a state inmate, sought to challenge actions taken against him at the William E. Donaldson Correctional Facility and general conditions of confinement present at the Kilby Correctional Facility.[1] Bennett also complained that the Circuit Court of Montgomery County, Alabama failed to rule on motions filed in a civil action pending before such court. Upon review of the claims presented in the complaint, the undersigned entered a Recommendation that:

    1. The plaintiff's claims arising from actions taken against him and conditions of confinement during his incarceration at the William E. Donaldson Correctional Facility be dismissed without prejudice to the rights of the plaintiff to file a separate 42 U.S.C. § 1983 action in the United States District Court for the Northern District of Alabama.
    2. Kenneth Jones, Christopher Gordy, Marcus Atkinson, Ronald Carter and Prison Health Services be dismissed as parties to this cause of action.
    3. The plaintiff's claims against Troy King, Richard Allen and Eugene Reese be dismissed with prejudice in accordance with the directives of 28

---

[1] The majority of Bennett's claims relate to an assault which occurred at the William E. Donaldson Correctional Facility, the medical treatment provided at such facility for injuries suffered in this assault and conditions of confinement at this facility. Additionally, the majority of individuals named as defendants are employed at the William E. Donaldson Correcitonal Facilty.

U.S.C. § 1915(e)(2)(B)(i) and (iii).

4. The plaintiff's claim challenging the conditions of confinement at the Kilby Correctional Facility be referred back to the undersigned for further proceedings.

*Recommendation of the Magistrate Judge - Court Doc. No. 8* at 5-7, adopted as opinion of the court, *Order of August 7, 2007 - Court Doc. No. 17*. The court also deemed it necessary that Bennett file an amended complaint with respect to "the alleged violations of his constitutional rights ... at the Kilby Correctional Facility[,]" and required that he undertake such action. *Order of July 10, 2007 - Court Doc. No. 6* at 1. The court set forth particular directives for filing the amended complaint and specifically cautioned Bennett that his "fail[ure] to comply with the directives of this order" would result in entry of a recommendation "that this case be dismissed." *Id.* at 3.[2] The time allowed Bennett for filing an amended complaint in compliance with the directives of the aforementioned order expired on August 1, 2007. As of the present date, Bennett has failed to file the requisite amended complaint. The court therefore concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint in compliance with the orders of this court.

It is further

---

[2]Noting that the plaintiff failed to name any person responsible for the conditions of confinement claims, the court ordered the plaintiff to name "those individuals who are responsible for the alleged violations of his constitutional rights with respect to the conditions of confinement at the Kilby Correctional Facility." Additionally, the court ordered the plaintiff to describe "how each named defendant violated his constitutional rights" and to "explain how the condition about which he complains violates the Constitution."

ORDERED that on or before August 27, 2007 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 14th day of August, 2007.

/s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE